**FROZEN FOODS EXPRESS**

v.

**UNITED STATES of America and Interstate Commerce Commission.**

**TRANS–COLD EXPRESS**

v.

**UNITED STATES of America and Interstate Commerce Commission.**

**Civ. A. Nos. 3–1170, 3–1558.**

United States District Court
N. D. Texas,
Dallas Division.

Feb. 27, 1968.

Phinney, Hallman, Pulley & Livingstone, Wm. E. Livingstone, III, Dallas, Tex., for plaintiffs.

Donald F. Turner, Asst. Atty. Gen., Melvin M. Diggs, U. S. Atty., Dallas, Tex., Joe F. Nowlin, Atty., Dept. of Justice, for the United States.

Robert W. Ginnane, Gen. Counsel, Betty Jo Christian, Atty., I.C.C., Washington, D. C., for I.C.C.

Before THORNBERRY, Circuit Judge, ESTES, Chief District Judge, and TAYLOR, District Judge.

OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

This is a consolidated appeal by two motor carriers in which they seek to set aside and enjoin orders of the Interstate Commerce Commission entered on their repective applications for operating authority under the grandfather clause of the agricultural exemption provisions of the Interstate Commerce Act. 49 U.S.C. § 303. For the reasons hereafter set forth, the Commission's order in the Trans-Cold application is set aside and remanded for further proceedings; the order in the Frozen Foods application is affirmed.

Prior to its 1958 amendment, the agricultural exemption provision of the Interstate Commerce Act did not require motor carriers to make a showing of public convenience and necessity to obtain authority to transport agricultural commodities. 49 U.S.C. § 303 (b) (6). In 1958, the Act was amended, requiring the showing of public convenience and necessity by the motor carrier to obtain such authority. 49 U.S.C. § 303(b). Section (c) of the amendment provides that a motor carrier, which on May 1, 1958 was operating in interstate commerce pursuant to the exemption of the prior law, could apply to the Commission for a certificate of operating authority, without a showing of public convenience and necessity, to the extent of its routes in existence on that date. Upon the carrier's establishing these routes the Commission is required to issue the certificate.[1]

In 1960, plaintiff Frozen Foods filed its application for grandfather authority with the Commission. A hearing was held and findings of fact and recommendations were filed by the examiner. Plaintiff did not except to the examiner's report. Exceptions were filed by the carriers which opposed Frozen Food's application. On appeal, the Commission granted in part and in part denied the examiner's recommendations. Plaintiff then filed suit in the Northern District of Texas to enjoin the Commission's order. The District Court held that the Commission erred in considering plaintiff's operations prior to January 1, 1957 as too remote to have a bearing on its bona fide operations prior to May 1, 1958 and in failing to consider plaintiff's holding out and active solicitation in determining the scope of its operations. Frozen Foods Express v. United States, N.D.Tex.1963, 219 F.Supp. 131. On remand, the Commission granted plaintiff an operating authority broader than its original order had granted but less than that recommended by the examiner. Frozen Foods thereupon filed the instant lawsuit. Following this filing, the Commission, on its own motion, reopened the application and granted to plaintiff authority coextensive with that recommended by the examiner.

Notwithstanding that Frozen Foods now has operating authority equal to the recommendation of the examiner to

1. 49 U.S.C. § 303(c) :

"Except as provided in section 302(c) of this title, subsection (b) of this section, in the exception in subsection (a) (14) of this section, and in the second proviso in section 306(a) of this title, no person shall engage in any for-hire transportation business by motor vehicle, in interstate or foreign commerce, on any public highway or within any reservation under the exclusive jurisdiction of the United States, unless there is in force with respect to such person a certificate or a permit issued by the Commission authorizing such transportation, nor shall any person engaged in any other business enterprise transport property by motor vehicle in interstate or foreign commerce for business purposes unless such transportation is within the scope, and in furtherance, of a primary business enterprise (other than transportation) of such person."

which it did not object, plaintiff contends that had the Commission applied the propor legal standards a broader operating authority would have been awarded.

 Plaintiff cites the Commission for failure to apply the solicitation and holding out test in assessing the scope of its operations. While holding out and solicitation in connection with actual service rendered is a proper matter for consideration in a case of this nature, United States v. Carolina Freight Carriers Corp., 1942, 315 U.S. 475, 62 S.Ct. 722, 86 L.Ed. 971, and failure by the Commission to consider such is error, Frozen Foods Express v. United States, supra, 219 F.Supp. at 139, we find no such solecism in the Commission's review of plaintiff's application in the remand proceedings. This court set aside the Commission's original order herein on the ground that it did not entertain plaintiff's solicitation and holding out activities in assessing the scope of its bona fide operations. The Commission thereafter carefully undertook to scrutinize this aspect of plaintiff's activities. 98 M.C.C. 510. We find no error therein.

The Commission's assessment of Trans-Cold's holding out and solicitation is a horse of another hue.

Plaintiff Trans-Cold argues that the Commission's decision is totally void of any bases upon which this court can determine that it in fact considered holding out and solicitation in determining the scope of its bona fide operations. Counsel for the government urges that the Commission reached the "right" result, notwithstanding what he admits to be meager support in the record of consideration of holding out and solicitation.

This court is not concerned with the propriety of the Commission's determination but only with the questions of whether that determination is based upon adequate findings and is arrived at by proper applications of legal standards. United States v. Carolina Freight Corp.,

1942, 315 U.S. 475, 62 S.Ct. 722, 86 L.Ed. 971; Rochester Telephone Corp., v. United States, 1939, 307 U.S. 125, 59 S. Ct. 754, 83 L.Ed. 1147; Mississippi Valley Barge Line Co. v. United States, 1934, 292 U.S. 282, 54 S.Ct. 692, 78 L.Ed. 1260. We have carefully reviewed the record and are unable to ascertain whether the Commission applied the standards of holding out and solicitation. The Commission's report reflects, to the satisfaction of this court, that the only standard applied was that of actual service in terms of point-to-point service.

The Commission's order in the Frozen Foods application, MC–108207, Sub No. 60, is affirmed; the order in the Trans-Cold application, MC–114045, Sub No. 46, is set aside and remanded to the Commission for further proceedings.

Order accordingly.